Hon. Arthur F. Gange Chief Clerk District Court, Nassau County
This is in response to your request for an opinion as to whether the District Court of Nassau County "is required to furnish to any person other than a defendant or his attorney, a transcript of the disposition of a criminal case upon request." Impliedly, the words "upon request" include payment of the fees allowed by law for such transcript. As you point out, such transcript is not included in records that are sealed or protected by law.
Your inquiry stems from the fact that you have a policy limiting the issuance of such a transcript to the defendant in question, to his attorney or to anyone authorized by the defendant to obtain such transcript. The reason given by you for such policy is that unrestricted access to such a transcript by others than those enumerated above "might lead to abuses." You add that you honor any subpoenas for such transcripts.
In Matter of Werfel v Fitzgerald, 23 A.D.2d 306, in a case involving the question of examination of criminal court records by an attorney who wished to examine the file of a case in which he was not attorney, the Court, after reciting several statutes which define both the right of inspection of public records and the methods for exercising such right, said, at page 312:
 "We hold, accordingly, that files in the possession of the Clerk of the Criminal Court of the City of New York are public records which may be fully examined by any person, unless the papers have been sealed from public scrutiny by the court or by the terms of a statute. The objective of the true administration of justice is best served by the exposure of filed papers to public examination; and the fear of uneven disposition of cases is dissipated when secrecy is banished."
In its decision, the court refers to section 255 of the Judiciary Law, which you mention in your letter is relied upon by a citizen challenging your above-described policy. The court states at page 309:
 "Thirdly, section 255 of the Judiciary Law reads as follows: `A clerk of a court must, upon request, and upon payment of, or offer to pay, the fees allowed by law, or, if no fees are expressly allowed by law, fees at the rate allowed to a county clerk for a similar service, diligently search the files, papers, records, and dockets in his office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him, can not be found.' Linked with this provision is section 255-b of the Judiciary Law which states: `A docket-book, kept by a clerk of a court, must be kept open, during the business hours fixed by law, for search and examination by any person.'"
Unless your policy rests upon statutory authority or rule, it may not override the general policy of our State, as enunciated in the above-quoted statutes that the "files, papers, records and dockets" in a public office be made available to public inspection and access. I am unaware of any exemption that supports your policy.
It is my opinion that the District Court of Nassau County is required to furnish to any person who seeks to obtain it, a transcript of the disposition of a criminal case from the record on file in such court.